1
2
3

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

4
5
6

| | Case No. 12cv562-JPH |

STEVEN D. CARSTENS,

                Plaintiff,

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                Defendant.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT

7
8
9
10
11
12

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 15, 17. Attorney Dana Chris Madsen represents plaintiff (Carstens). Special Assistant United States Attorney Thomas Elsberry represents defendant (Commissioner). The parties consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the court **grants** defendant's motion for summary judgment, ECF No. 17.

13
14
15
16
17

## JURISDICTION

Carstens applied for supplemental security income (SSI) benefits and disability income benefits (DIB) on January 28, 2010 alleging disability

18
19
20

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 1

beginning January 3, 2009 (Tr. 118-25). The claims were denied initially and on reconsideration (Tr. 73-80, 86-89). Administrative Law Judge (ALJ) James Sherry held a hearing May 25, 2011. Carstens, represented by counsel, and a vocational expert testified (Tr. 42-68). On June 24, 2011, the ALJ issued an unfavorable decision (Tr. 19-31). The Appeals Council denied review (Tr. 1-5).  On October 10, 2012 Carstens appealed pursuant to 42 U.S.C. §§ 405(g). ECF No. 1, 5.

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the decisions below and the parties' briefs. They are only briefly summarized here and throughout this order as necessary to explain the Court's decision.

Carstens was 58 years old at onset and 61 at the hearing. He graduated from high school, completed a truck driving course and last worked in 2009 He has primarily worked as a truck driver and at a sawmill (Tr. 30, 44-45, 261, 269, 271, 320, 359-60). Carstens alleged physical and mental limitations (Tr. 141), but this appeal is limited to the ALJ's assessment of mental limitations.

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 2

U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 3

impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 4

1                      **STANDARD OF REVIEW**

2        Congress has provided a limited scope of judicial review of a Commissioner's

3    decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision,

4    made through an ALJ, when the determination is not based on legal error and is

5    supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir.

6    1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's]

7    determination that a plaintiff is not disabled will be upheld if the findings of fact are

8    supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir.

9    1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla,

10   *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a

11   preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989).

12   Substantial evidence "means such evidence as a reasonable mind might accept as

13   adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401

14   (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner]

15   may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*,

16   348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a

17   whole, not just the evidence supporting the decision of the Commissioner. *Weetman*

18   *v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525,

19   526 (9th Cir. 1980)).

20       It is the role of the trier of fact, not this Court, to resolve conflicts in evidence.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 5

*Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## ALJ'S FINDINGS

At step one, the ALJ found Carstens did not work at substantial gainful activity levels after onset (Tr. 21). At steps two and three, he found Carstens suffers from cervical and lumbar degenerative disc disease (DDD), hypertension, depressive disorder NOS/major depressive disorder, personality disorder NOS with dependent and borderline features and alcohol dependence, in remission, impairments that are severe but do not meet or medically equal a Listed impairment  (Tr. 21). ALJ Sherry found Carstens less than fully credible. He assessed an RFC for a range of medium work (Tr. 23, 27-28). At step four, he found Carstens is able to do his past work as a tractor trailer truck driver (Tr. 29). Alternatively, the ALJ found at step five Carstens

1    can do other work such as laundry worker and fish cleaner (Tr. 30). The ALJ found

2    Carstens has not been disabled as defined by the Act (Tr. 31).

3                                          **ISSUES**

4        Carstens alleges the ALJ erred when he weighed the evidence of mental

5    limitations. Specifically, he alleges the ALJ should have given more credit to the

6    opinions of examining psychologists Dalley and Pollack. ECF No. 15 at 10-16. The

7    Commissioner responds that the ALJ's findings are factually supported and free of

8    harmful legal error. She asks the court to affirm.      ECF No. 17 at 3-15.

9                                       **DISCUSSION**

10       *A. Credibility*

11       Carstens does not address the ALJ's credibility assessment, making it a verity

12   on appeal. He challenges the ALJ's assessment of conflicting medical evidence. The

13   court addresses credibility because the ALJ considered it when he weighed the

14   conflicting medical evidence.

15       When presented with conflicting medical opinions, the ALJ must determine

16   credibility and resolve the conflict. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d

17   1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's credibility findings must be

18   supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th

19   Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for

20

ORDER GRANTING DEFENDANT'S MOTION

FOR SUMMARY JUDGMENT ~ 7

rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

The ALJ's reasons are clear and convincing.

ALJ Sherry relied, in part, on Carsten's activities, inconsistent statements, lack of consistent mental health treatment and successful treatment with prescribed medication when he found Carstens less than fully credible. Activities such as the ability to care for his elderly parents, move furniture, take a computer class, job search, drive, involve himself in a singles group at church (Tr. 248), travel, and play in poker tournaments are inconsistent with claimed severe limitations.

Carstens inconsistently stated antidepressants had no effect and worked to ease his depression. His mental health treatment has been very infrequent. He reported his mood improved when he quit drinking and took prescribed antidepressants (Tr. 22, 26-28, *see e.g.*, Tr. 53, 57, 59, 176-80, 226, 248-50, 253, 258-59, 264, 270-73, 275, 320, 322-24, 338, 340, 345, 347, 349, 353, 358-61).

The ALJ's reasons are clear, convincing and supported by substantial evidence. *See Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (inconsistencies between statements and conduct and the extent of daily activities are properly considered ); *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005)(lack of consistent treatment properly considered); *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006)(impairments controlled effectively with

1   medications are not disabling for the purpose of determining SSI benefit eligibility).

2       *B. Psychological limitations*

3       Carstens alleges the ALJ's reasons for discounting Dalley's contradicted

4   opinion are not legitimate. He alleges the ALJ should not have relied on the reason

5   for the evaluation (obtaining state disability benefits) or on inconsistencies in the

6   report. Carstens alleges the report is consistent. ECF No. 15 at 11, 13, 15-16.

7       The Commissioner alleges there is no error but even if the court finds there is,

8   it is harmless because Dalley's 2006 evaluation predates onset in January 2009,

9   rendering the opinion minimally relevant. More significantly, Dalley's assessment

10  is contradicted by other records (i.e., assessed dire limitations are undermined by

11  Carstens' ability to work after the 2006 opinion). ECF No. 17 at 3-7.

12      Mahlon Dalley, Ph.D., evaluated Carstens August 14, 2006 (Tr. 320-28). He

13  assessed two marked (ability to relate to coworkers and supervisors, and ability to

14  tolerate pressures of a normal work setting) and six moderate limitations on a check

15  box form. He assessed a GAF of 65, indicating mild symptoms or limitations (Tr.

16  323, 326-27).

17      The parties are correct that the ALJ rejected this opinion because the check

18  box form showing marked and moderate limitations was inconsistent with the

19  narrative report (Tr. 29). Dalley opined symptoms were likely to interfere with the

20  ability to tolerate the pressures and expectations of a normal work environment, yet

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 9

objective results on the Work Potential Profile show a high probability of functioning relatively effectively and experiencing minimum work difficulties. The report indicates Carstens was "rarely distracted and appeared to maintain attention to all tasks." (Tr. 24, 29, 322-23, 327). As noted below, these are legitimate reasons supported by substantial evidence.

Carstens was referred by his attorney to Dennis Pollack, Ph.D., and he evaluated Carstens on May 16, 2011 (Tr. 358-69). Pollack administered tests, as did Dalley, including the MMPI-2. Pollack assessed two marked limitations: one, in the ability to perform activities within a schedule, maintain attendance and be punctual, and two, in the ability to complete a normal workday and perform at a consistent pace. He assessed a moderate limitation in the ability to accept and respond appropriately to criticism from supervisors (Tr. 367).

Carstens alleges the ALJ should have adopted Dr. Pollack's assessed limitations. He contends the ALJ rejected Pollack's report because it is based on unreliable self-reporting, contradicted by plaintiff's work history and obtained through attorney referral to generate evidence for the current appeal rather than treatment--reasons Carstens alleges are not legitimate. Further, Carstens alleges, objective test results support Pollack's assessed moderate limitation in social interactions [that is, in the ability to accept and respond appropriately to criticism

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 10

from supervisors]. ECF No. 15 at 13-15, Tr. 29. The Commissioner responds that the ALJ's reasons are legitimate and supported by the record. ECF No. 17 at 7-15.

One of the ALJ's reasons for rejecting Dr. Pollack's contradicted opinion is that it appears based at least in part on Carstens' unreliable self-report. An opinion may be discounted if it relies a claimant's unreliable self-report. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

ALJ Sherry rejected Pollack's check box assessed moderate limitation in responding to supervisor criticism [described by the ALJ as " moderate limitations in social interactions"] because Pollack's narrative indicates Carstens was "cooperative throughout the interview and testing" (Tr. 28). In the court's view this alone would not be a specific legitimate reason, but it is not the ALJ's sole reason.

The ALJ points out assessed marked limitations are undermined by Carstens' reported work history. Carstens stated he had no difficulties at work other than when he had "received two DUI's within a short period of time and lost his job as a long haul truck driver" (Tr. 28). The limitations are also inconsistent with the ability to work in a bakery from September 2008 until January 2009. He quit due to physical, not mental, limitations (Tr. 46-47, 49-50, 164, 359-60). While this is before onset, it is still some evidence indicating a greater ability to function than assessed by Dr. Pollack.

Carstens alleges the reason he went in for the evaluation is not a legitimate

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 11

basis for discounting the evaluator's opinion. ECF No. 15 at 15, referring to Tr. 29.

An opinion may properly be rejected if it is obtained at the request of an attorney and is not based on objective medical evidence. *See Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996). Carstens is correct Dr. Pollack administered testing, which may provide objective medical evidence. Specifically, Carstens alleges test results support Pollack's assessed moderate limitation in responding to supervisor criticism. First, the ALJ *included* this limitation in the RFC when he limited Carstens to occasional superficial contact with supervisors, coworkers and the public (Tr. 23). This makes any error clearly harmless because the RFC adequately captures Pollack's assessed moderate limitation. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (an ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence or pace where the assessment is consistent with restrictions identified in the medical testimony**).**

Other evidence, including some of Pollack's test scores, shows Carstens' level of social functioning does not appear limited. The evidence shows he is involved in a singles' group at church and enjoys playing in poker tournaments and  traveling (Tr. 22, 27, 29).

Finally, much of the evidence Carstens cites in Pollack's report is a "profile" – not an assessment specific and unique to him. *See e.g.,* "Such people worry

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 12

excessively" (Tr. 362); "They are very pessimistic people" and "They tend to be immature people" (Tr. 363).

These are "specific and legitimate" reasons based on substantial evidence. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)(an examining doctor's contradicted opinion can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record). An opinion that is brief, conclusory and inadequately supported by clinical findings is properly rejected. *Bayliss*, 427 F.3d at 1216. As the Commissioner accurately observes, examiner Kaylee Islam-Zwart, Ph.D., gave Carstens many of the same tests as Pollack, yet found only mild symptoms and no real need for medication or therapy. ECF No. 17 at 11-12; Tr. 275-76.

Opinions that are internally inconsistent may also be given little weight. *Bayliss*, 427 F.3d at 1216. As previously stated, Pollack assessed marked limitations in stamina and pace yet noted Carstens reported no such problems when he worked and showed no signs of these marked limitations during extensive testing.    The ALJ is responsible for determining credibility, resolving conflicts in medical testimony and resolving ambiguities. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041-42 (9th Cir. 2008)(internal citations omitted).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 13

The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

The ALJ properly weighed the contradicted evidence of psychological limitations. The record fully supports the assessed RFC. Although Carstens alleges the ALJ should have weighed the evidence differently, the ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson v. Perales*, 402 U.S. 389, 400 (1971). If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett,* 180 F.3d 1094, 1097 (9th Cir. 1999); *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

The ALJ's determinations are supported by the record and free of harmful legal error.

**CONCLUSION**

After review the Court finds the ALJ's decision is supported by substantial

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 14

evidence and free of harmful legal error.

**IT IS ORDERED:**

Defendant's motion for summary judgment, **ECF No. 17**, is **granted.**

Plaintiff's motion for summary judgment, ECF No. 15, is denied.

The District Court Executive is directed to file this Order, provide copies to

counsel, enter judgment in favor of defendant and **CLOSE** the file.

DATED this 13th day of January, 2014.

_S/ James P. Hutton_

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 15